UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HALLEN SPECIALTIES, INC., <br>         Plaintiff, <br><br> v. <br><br> CONSOL ENERGY, INC., <br>         Defendant. | COMPLAINT FOR PATENT INFRINGEMENT <br><br> DEMAND FOR JURY TRIAL |

Plaintiff Hallen Specialties, Inc., ("Hallen") complains of defendant Consol Energy, Inc. ("Consol") as follows:

### NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### THE PARTIES

2. Hallen Specialties, Inc. ("Hallen Specialties"), is an Illinois corporation with its principal place of business in Spring Grove, Illinois. Hallen is the named assignee of, owns all right title and interest in, and has standing to sue for infringement of United States Patent No. 8,028,824, entitled "Replacement Roller Assembly," issued October 4, 2011 ("the '824 patent") (Exhibit A).

3. Upon information and belief, Defendant Consol Energy, Inc., ("Consol") is a Pennsylvania corporation with a principal places of business at 1000 Console Energy Drive Canonsburg, PA. Upon information and belief, Consol transacts business in this judicial district and throughout the State of Illinois.

### JURISDICTION AND VENUE

4. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

5. Personal Jurisdiction over the defendant is proper in this Court. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

## DEFENDANT'S ACTS OF PATENT INFRINGEMENT

6. Upon information and belief, Consol is a leading diversified energy company engaged in the business of supplying coal and natural gas to customers throughout the country. Consol owns and operates coal mines that utilize enhanced technologies to mine coal safely, economically and in an environmentally friendly manner.

7. The coal mines owned and operated by Consol typically include one or more conveyor systems for transporting mined coal through the mines. Such conveyors typically include a moving belt that passes over and moves horizontally relative to a series of underlying rollers that support the belt and the coal transported thereon. The rollers, in turn, are mounted on a series of support assemblies positioned under the overlying belt.

8. Because of the harsh environment in which the conveyor systems are used, it frequently becomes necessary to replace the rollers supporting the conveyor belt. In the coal mines operated by Consol, this is achieved through the use of replacement roller assemblies of the type disclosed and claimed in the '824 Patent. In the coal mines operated by Consol, this is also achieved through the use of the methods disclosed and claimed in the '824 Patent. By way of example and not limitation, a claim chart showing how the methods and replacement roller assemblies utilized by Consol in the maintenance and operation of its coal mines is attached as Exhibit B.

9. Through use of the methods it utilizes to repair conveyor belt support systems in its coal mines, Consol directly infringes Claims 1, 4 and 19 of the '824 Patent under 35 U.S.C. § 271(a).

10. Through use of the replacement roller assemblies it uses in the maintenance and operation of conveyor systems in its coal mines, Consol directly infringes Claims 5, 10, 11, 20 and 21 of the '824 Patent under 35 U.S.C. § 271(a).

11. By subcontracting the manufacture of the replacement roller assemblies it uses to others, including but not limited to Allison Custom Fabrication of Allison PA., Consul is actively inducing infringement of at least Claims 5, 10, 11, 20 and 21 of the '824 Patent under 35 U.S.C. § 271(b).

12. Consol's infringement, and inducement to infringe have been willful and deliberate and have injured and will continue to injure Hallen Specialties unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that fall within the scope of the '824 patent.

## PRAYER FOR RELIEF

WHEREFORE, Hallen Specialties asks this Court to enter judgment against defendant and against its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A. An award of damages adequate to compensate Hallen Specialties for the infringement that has occurred, together with prejudgment interest from the date infringement of the '824 patent began;

B. Increased damages as permitted under 35 U.S.C. § 284;

C. A finding that this case is exceptional and an award to Hallen Specialties of its attorneys' fees and costs as provided by 35 U.S.C. § 284;

D. A permanent injunction prohibiting further infringement, inducement and contributory infringement of the '824 patent; and,

E. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Hallen Specialties demands a trial by jury on all issues presented in this First Amended Complaint.

Dated this 25th day of September, 2015.

    Respectfully submitted,


    /s/*Andy T. Staes*

    Andrew T. Staes
    Stephen D. Scallan
    STAES & SCALLAN, P.C.
    111 W. Washington
    Suite 1310
    Chicago, Illinois 60602
    (312) 201-8969

    /s/*Philip P. Mann*
    Philip P. Mann Ill. Bar. 618586
    Timothy J. Billick *(pro hac pending)*
    MANN LAW GROUP
    1218 Third Avenue, Suite 1809
    Seattle, Washington 98101
    (206) 436-0900
    Fax (866) 341-5140
    phil@mannlawgroup.com
    tim@mannlawgroup.com


    Attorneys for Plaintiff
    Hallen Specialties, Inc.